**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00401-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Appointment of Counsel to Assist in Settlement Conference and/or Trial. (Doc. 55.) In an August 22, 2022 Order, the Court granted in part and denied in part Defendant's Motion for Summary Judgment, allowing Plaintiff's Federal Tort Claims Act claim to proceed except as to the allegations stemming from her alleged injuries on June 21, 2020. (Doc. 54.) The Order also referred the matter for a settlement conference, which is scheduled for November 3, 2022 before Magistrate Judge Bowman. (*Id*.; Doc. 56.) Plaintiff seeks the appointment of counsel to assist with the settlement conference and at trial if no settlement is reached. (Doc. 55.) Plaintiff argues that this Court has previously appointed counsel in other cases in which a defendant's summary judgment motion was denied. (*Id*.)

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In

proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear that exceptional circumstances are present that would require the appointment of counsel at this time. *See Wilborn*, 789 F.2d at 1331. Plaintiff makes no argument regarding her likelihood of success on the merits of his claims, nor does she articulate why the assistance of an attorney is necessary for the settlement conference. The Court finds no indication that Plaintiff will not be able to articulate and/or litigate her claims, particularly given her extensive history of litigation in this Court. Plaintiff's status as an incarcerated and self-represented litigant does not constitute an "extraordinary circumstance" warranting the appointment of counsel. Accordingly, the Court will deny Plaintiff's Motion without prejudice to re-filing at a later point in these proceedings.

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel to Assist in Settlement Conference and/or Trial (Doc. 55) is **denied without prejudice**.

Dated this 7th day of September, 2022.

_____
Honorable Rosemary Márquez
United States District Judge