**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00401-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

    Pending before the Court is Plaintiff's Notice to the Court and Renewed Motion for Appointment of Counsel. (Doc. 58.) Plaintiff avers that she has been placed in the Special Housing Unit ("SHU") as a result of attempting to help another inmate who was at risk of physical harm from a third inmate. (*Id*.) Plaintiff avers that she lacks access to her legal documents and other property in the SHU and thus is unable to prepare for the settlement conference currently scheduled for November 3, 2022 before Magistrate Judge Bowman. (*Id*.) Plaintiff renews her request for appointment of counsel on that basis. (*Id*.)

    There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v.*

*Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate her claims pro se in light of the complexity of the legal issue involved. *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear that exceptional circumstances are present that would require the appointment of counsel at this time. *See Wilborn*, 789 F.2d at 1331. Plaintiff makes no arguments related to her likelihood of success on the merits or her inability to articulate her claims in light of the complexity of the legal issues. Rather, Plaintiff's argument is based on a temporary housing placement preventing her from accessing her legal documents. Plaintiff does not state for how long she will be incarcerated in the SHU or whether she has requested access to her legal documents to prepare for the settlement conference. Nor does she aver that a continuance of the settlement conference would not address her concerns. Accordingly, the Court will deny Plaintiff's Motion without prejudice to re-filing at a later point in these proceedings.

**IT IS ORDERED** that Plaintiff's Notice to the Court and Renewed Motion for Appointment of Counsel (Doc. 58) is **denied**.

Dated this 27th day of September, 2022.

_____
Honorable Rosemary Márquez
United States District Judge