**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00401-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Appointment of Counsel. (Doc. 61.) Plaintiff requests that she be appointed counsel to assist with the trial in this case pursuant to 28 U.S.C. § 1915(e)(1).[1] (*Id*.) Plaintiff avers that counsel is necessary because (1) the parties engaged in a settlement conference but failed to reach a settlement; (2) Plaintiff has been appointed counsel in other cases; (3) this case involves state law claims and the BOP law library does not cover state law; (4) the case involves multiple witnesses; and (5) Plaintiff has limited access to a law library and litigation materials because she is confined in the Special Housing Unit (SHU). (*Id*.)

Defendant opposes the Motion. (Doc. 63.) Defendant argues that Plaintiff has not shown that exceptional circumstances exist that would entitle her to counsel. (*Id*.) Defendant argues that (1) Plaintiff can access her legal materials while in the SHU

---

[1] Plaintiff subsequently filed a Supplement to her Motion stating that the prison is in lockdown and as a result she cannot access the law library or her legal files. (Doc. 64.)

through the SHU Property Officer; (2) Plaintiff has not established a need for counsel that is different than any other pro se litigant; (3) Plaintiff is more equipped to litigate this matter to completion than most pro se litigants, as she has previously filed hundreds of lawsuits in federal court; and (4) Plaintiff does not address her likelihood of success on the merits or claim that she is unable to articulate her claims in light of the complexity of the legal issues. (*Id*.)

As set forth in the Court's summary judgment Order, the sole remaining claim in this action alleges that on September 15, 2020, Officer Vasquez provided Plaintiff with a razor, in violation of Arizona negligence law applied to the United States through the Federal Tort Claims Act (FTCA). (Doc. 54.) The Order finds that, based on the undisputed facts, a reasonable jury could find that (1) Vasquez had a duty to protect Plaintiff from harm; (2) Vasquez breached that duty by giving Plaintiff an envelope that he knew contained a razor; and (3) Plaintiff suffered actual damages from cutting herself with the razor. (*Id*. at 10-11.) The Order further finds that a question of fact remains as to whether Vasquez's provision of the razor was a but-for cause of Plaintiff's injuries. (*Id*. at 11-12.) The Order further finds that a jury could find that it was reasonably foreseeable to Vasquez that giving a razor to a prisoner in the SHU, where razors are prohibited, would create an unreasonable risk of harm to inmates. (*Id*. at 12-13.) Thus, because a reasonable jury could find that providing Plaintiff a razor in the SHU breached Officer Vasquez's duty of care, and this breach was both the but-for and proximate cause of Plaintiff's injuries, the Court denied summary judgment as to Plaintiff's FTCA claim based on Vasquez's alleged negligence. (*Id*. at 13.)

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional

circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate her claims pro se in light of the complexity of the legal issue involved. *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's arguments regarding appointment of counsel do not address either factor. She does not present a position on the likelihood of her success on the merits. Although the remaining claim is now past the summary judgment stage, this alone weighs neither for nor against the likelihood of Plaintiff's success on the merits. Nor does Plaintiff present a position on her ability to articulate her claims in light of the complexity of the legal issues. Although Plaintiff states that she has limited access to legal research and materials while incarcerated in the SHU, she does not contend that the legal matters at issue are so complex that she is unable to litigate them. Given Plaintiff's history of federal court litigation and her ability to articulate her claims thus far in this lawsuit, this factor weighs against appointment of counsel. Furthermore, courts have not found that the typical impediments faced by incarcerated pro se plaintiffs constitute exceptional circumstances entitling them to appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (appellate court upheld district court's denial of counsel where district court ensured before trial that incarcerated pro se plaintiff had access to his legal documents and made accommodations for his medical condition); *Mahoney v. Kitsap Cnty. Jail*, No. C10-5140 RBL/KLS, 2010 WL 3239318, at *1 (W.D. Wash. Aug. 16, 2010) (denying appointment of counsel where plaintiff was subject to prison lockdowns, lacked legal skills, and suffered from medical conditions); *Ortega v. CSP-SAC Prison Offs.*, No. CIV. 208-00588 SOM, 2010 WL 2598228, at *2 (D. Haw. June 7, 2010) (multiple defendants, expert testimony, conflicting testimony, a demand for a jury trial, limited access to legal materials, and limited legal knowledge did not make a case complex).

Because Plaintiff has not shown that exceptional circumstances warrant the appointment of counsel for trial in this matter, the Motion will be denied.

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 61) is **denied**.

Dated this 1st day of December, 2022.

_____
Honorable Rosemary Márquez
United States District Judge